NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2011
_____

FREDERICK H. BANKS,
Appellant

v.

WARDEN ALLENWOOD FCI; FEDERAL BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-21-cv-00840)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 12, 2021

Before:  JORDAN, KRAUSE and PHIPPS, Circuit Judges

(Opinion filed: September 2, 2021)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Frederick Banks appeals from the District Court's order dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm the District Court's order.

Banks, a federal prisoner, filed a petition for habeas corpus in which he alleged that prison officials opened in front of him a piece of legal mail from the United States Court of Appeals for the Fifth Circuit. While a letter stated that a judgment was enclosed, the envelope did not contain the judgment. When he complained, his counselor noted that the envelope had been opened in front of him. Banks argues that the prison officials failed to provide him with the judgment which would have resulted in his speedier release from confinement. He asked that the respondent be ordered to supply him with a copy of the judgment and that he be discharged from custody.

The District Court dismissed the petition before service, concluding that Banks did not challenge the fact or duration of his confinement and a habeas petition was not an appropriate vehicle for his complaint of a civil rights violation. This dismissal was without prejudice to Banks' raising his claims in a civil rights action. Banks filed a notice of appeal. Banks was notified that his appeal would be considered for possible summary action but has not filed any response to the notice.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm a district court's decision

"on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court did not err in concluding that Banks's claim does not lie at the "core of habeas" and, therefore, is not cognizable in a § 2241 petition. See Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002). He does not raise a challenge to the fact or length of his sentence or confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Moreover, in the missing judgment that Banks refers to, the Court of Appeals dismissed for lack of jurisdiction Banks' appeal of a Magistrate Judge's denial of a motion to proceed in forma pauperis. See Banks v. Ma'at, No. 21-30017 (5th Cir. Mar. 3, 2021) (per curiam). Thus, even if this were a matter that Banks could challenge in habeas, the judgment would not have resulted in a speedier release from confinement for Banks.

For the reasons above, as well as those set forth by the District Court, this appeal does not present a substantial question. Accordingly, we will summarily affirm the District Court's judgment.